## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROOFERS LOCAL 30 COMBINED WELFARE FUND, ROOFERS LOCAL 30 COMBINED PENSION FUND, ROOFERS LOCAL 30 COMBINED VACATION FUND, ROOFERS LOCAL 30 COMBINED ANNUITY FUND, ROOFERS LOCAL 30 POLITICAL ACTION AND EDUCATION FUND, COMPOSITION ROOFERS UNION LOCAL NO. 30 APPRENTICESHIP FUND, ROOFING CONTRACTORS ASSOCIATION INDUSTRY FUND, LOCAL UNION NO. 30 OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, MICHAEL O'MALLEY in his official capacity as a fiduciary, | : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO: 07-1714 |
| **Plaintiffs,** | : : : | |
| **vs.** | : : | |
| UNION ROOFING CONTRACTORS, INC., d/b/a Union Roofing and Sheet Metal Contractors, Inc., d/b/a Union Roofing, FRANK LUBISKY, an individual, PHILLY ROOFING, HOME ROOFING, WACKERMAN ROOFING, **Defendants.** | : : : : : : : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 15th day of October, 2008, upon consideration of Plaintiffs' Motion for an Expedited Limited Protective Order Under Rule 26(c) (Document No. 50, filed September 24, 2008), Non-Party Witnesses' Motion to Compel Plaintiffs to Produce Written Statements of Non-Party Witnesses Edward Brady, III and Donald Miskofsky Pursuant to F.R.C.P. 26(b)(3)(C) and Quash the Subpoenas Issued to Said Non-Party Witnesses Until the Statements Are Produced (Document No. 53, filed September 30, 2008), and the related submissions of the parties, **IT IS ORDERED** as follows:

1.  Plaintiffs' Motion for an Expedited Limited Protective Order Under Rule 26(c) is **GRANTED**. Plaintiffs may delay production of the Miskofsky statement until after the deposition of Donald Miskofsky but must produce the Miskofsky statement within seven days of the completion of that deposition. Plaintiffs may delay the production of the Brady statement until after the deposition of Edward Brady, III but must produce the Brady statement within seven days of the completion of that deposition.

2.  Non-Party Witnesses' Motion to Compel Plaintiffs to Produce Written Statements of Non-Party Witnesses Edward Brady, III and Donald Miskofsky Pursuant to F.R.C.P. 26(b)(3)(C) and Quash the Subpoenas Issued to Said Non-Party Witnesses Until the Statements Are Produced is **DENIED**.

## <u>MEMORANDUM</u>

## I.    BACKGROUND

Plaintiffs, Local Union No. 30 of the United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO ("Local Union") and various local union and roofing contractors association employee benefit plans ("Funds") initiated this action on April 27, 2007 against Frank Lubisky ("Lubisky"), trade names associated with Lubisky, and Union Roofing Contractors, Inc., a corporation allegedly owned and controlled by Lubisky. (Am. Compl. ¶¶ 4-15). In their Amended Complaint, filed on May 14, 2008, plaintiffs added plaintiff Michael O'Malley in his official capacity as a fiduciary for the Funds. (Am. Compl. ¶ 10). As alleged in the Amended Complaint, this action arises from provisions of collective bargaining agreements and trust agreements between the Local Union and defendants which required defendants to make payments and submit reports to the Funds. (Am. Comp. ¶¶ 16-18). Plaintiffs assert that defendants did not make necessary contributions to the Funds, as mandated by the collective bargaining and trust

agreements, and concealed information about amounts owed by paying employees in cash and by falsifying reports to the Funds. (Am. Compl. ¶¶ 25-27; Plfs' Mot. ¶ 2).

Donald Miskofsky and Edward Brady, III are former employees of defendants. (Plfs' Mot. ¶ 2; Defs' Resp. to Plfs' Mot. ¶ 2). Believing that Miskofsky and Brady have material information concerning cash payments made by defendants to employees, counsel for plaintiffs subpoenaed Miskofsky and Brady to appear for depositions on September 19, 2008. (Plfs' Mot. ¶ 4; NPWs' Mot. ¶ 2). On September 18, 2008, Miskofsky and Brady retained Steven Schatz, Esq. who informed plaintiffs that the two witnesses would not be available for their depositions the following day. (NPWs' Mot. Exh. B). Plaintiffs and the non-party witnesses rescheduled the depositions for October 1, 2008. (Plfs' Mot. Exh. 3).

The instant motions concern statements that plaintiffs obtained from Miskofsky and Brady at some point prior to the issuance of the September 19, 2008 deposition subpoenas. (Plfs' Mot. ¶ 2). Counsel for non-party witnesses demanded that plaintiffs produce these statements prior to the scheduled depositions and stated that he would not produce his clients for their depositions absent the production of the statements. (NPWs' Mot. Exh. C). Plaintiffs withheld the statements but informed Mr. Schatz that they would make the statements available either after the depositions (if the statements were used during the depositions) or before trial (should the case go to trial). (NPWs's Mot. Exh. F). Plaintiffs now seek a limited protective order delaying the production of the statements until after the Miskofsky and Brady depositions. Non-party witnesses have requested the opposite; they move the court to compel production of the statements, to quash the subpoenas until the statements are produced, and to award attorney's fees in the amount of $500.00.

Plaintiffs contend, and non-party witnesses do not dispute, that the Miskofsky and Brady statements qualify as plaintiffs' work product under Federal Rule of Civil Procedure 26(b)(3)(A). (Plfs' Mot. ¶ 3; NPWs' Resp. to Plfs' Mot. ¶ 3). Plaintiffs and non-party witnesses also agree that the statements fall under the Federal Rule of Civil Procedure 26(b)(3)(C) work product exception for previous statements: "Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. . . . A previous statement is either: (i) a written statement that the person has signed or otherwise adopted or approved; or (ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement." (Plfs' Memo. in Support of Mot. at 4; NPWs' Mot. ¶¶ 8-11; Plfs' Resp. to NPWs' Mot. at 3). Thus, under Rule 26(b)(3)(C), plaintiffs must produce Miskofsky's and Brady's previous statements.

## II.     DISCUSSION

The question before the Court is not whether, but *when*, plaintiffs must produce the Miskofsky and Brady statements. On this matter, Rule 26(b)(3)(C) is silent; however, the Advisory Committee Notes provide some guidance: "In appropriate cases, the court may order a party to be deposed before his statement is produced."[1] Advisory Committee Note to Fed. R. Civ. P. 26 (1970). Although the Advisory Committee does not elaborate on what factors would make a delay in production appropriate, the note does cite to two cases on point. In each of these cases,

---

[1] This portion of the Advisory Committee Note appears under the heading "Party's Right to Own Statement" which generally describes the Advisory Committee's reasoning in affording parties the right to obtain their own statements, which would otherwise be protected from discovery as work product, without any special showing. The Advisory Committee addresses witnesses' right to obtain their own statements under a separate heading, but notes that "[m]any, though not all, of the considerations supporting a party's right to obtain his statement apply also to the non-party witness." Advisory Committee Note to Fed. R. Civ. P. 26 (1970). This explanation suggests that parties' previous statements and non-party witnesses' previous statements generally should be treated the same way under Rule 26(b)(3)(C), but, if anything, non-party witnesses have a weaker claim to their previous statements. The text of the rule does not differentiate between the two. Fed. R. Civ. P. 26(b)(3)(C).

the court found that the delay was justified based on the deposing party's "interest in determining the extent of [the deponent's] present unrefreshed recollection." Smith v. Central Linen Serv. Co., 39 F.R.D. 15, 18 (D. Md. 1966); McCoy v. General Motors Corp., 33 F.R.D. 354, 355 (W.D. Pa. 1963).

The Court enjoys broad discretion over the timing and sequence of discovery. "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. . . . [U]pon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' Rule 26(c). And the court may also set the timing and sequence of discovery. Rule 26(d)." Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998).

Plaintiffs followed the proper procedure for requesting a delay in production under these circumstances inasmuch as  they filed a motion for a protective order under Federal Rule of Civil Procedure 26(c). See Babyage.com, Inc. v. Toys "R" US, Inc., 458 F. Supp. 2d 263, 264 (E.D. Pa. 2006). To obtain a protective order, Plaintiffs must "show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cippolone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Further, plaintiffs, as the party seeking the protective order, bear the burden of persuasion. Id.

In support of their motion for a limited protective order, plaintiffs argue that they have a "legitimate interest in receiving [the witnesses'] present unrefreshed version which has not been tailored to conform to an earlier statement." (Plfs' Memo. in Support of Mot. at 6 (quoting Smith v. China Merchs. Steam Nav. Co., 59 F.R.D. 178, 179 (E.D. Pa. 1972)). Plaintiffs also allege that

defendants have sought to interfere with plaintiffs' efforts to conduct discovery.  Under such circumstances, plaintiffs argue that they have "a right to test the recollections of these highly material witnesses . . . , without having their recollections tainted or affected through 'preparation' by counsel." (Plfs' Memo. in Support of Mot. at 7).

Although no courts have specifically ruled that an interest in obtaining the present unrefreshed recollection of a deponent constitutes "good cause" for a protective order delaying the production of a previous statement pursuant to Rule 26(b)(3)(C), see Rofail v. United States, 227 F.R.D. 53, 57 (E.D.N.Y. 2005), several courts have issued orders which do, in fact, delay the production of a previous statement and justify that delay by reference to the deposing party's interest in obtaining unrefreshed deposition testimony. See, e.g., Mills v. Energy Transp. Corp., No. 96-4828, 1996 WL 735556, at *1 (S.D.N.Y. Dec. 20, 1996); Torres-Paulett v. Tradition Mariner, Inc., 157 F.R.D. 487, 488-89 (S.D. Cal. 1994); Nelson v. Puerto Rico Marine Mgmt., Inc., 72 F.R.D. 637, 638 (D. Md. 1976) (noting that the District of Maryland "practice is to require the production of the plaintiff's statement after the plaintiff has been deposed"); China Merchs., 59 F.R.D. at 179. All of these cases were decided after the adoption of Rule 26(b)(3)(C) in 1970.

The Court neither accepts nor rejects plaintiffs' allegations concerning defendants' conduct during discovery.  Such a finding is not necessary to decide the present issue; district courts have routinely stayed the production of a witness's previous statement without a showing that the witness affirmatively intended to tailor his deposition testimony to the content of the previous statement. In this case, the plaintiffs have demonstrated a particular need for protection and have articulated a specific harm that they argue must be avoided—the possibility that the witnesses' prior statements will taint, intentionally or unintentionally, their current testimony.

Thus the plaintiffs' interest in officially recording non-party witnesses' unrefreshed recollection of the facts at issue in this case provides good cause for a limited protective order.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an Expedited Limited Protective Order Under Rule 26(c) is granted and Non-Party Witnesses' Motion to Compel Plaintiffs to Produce Written Statements of Non-Party Witnesses Edward Brady, III and Donald Miskofsky Pursuant to F.R.C.P. 26(b)(3)(C) and Quash the Subpoenas Issued to Said Non-Party Witnesses Until the Statements Are Produced is denied. Plaintiffs may delay production of the Miskofsky and Brady statements but must produce each witness's statement within seven days of the completion of that witness's deposition.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**