IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROOFERS LOCAL 30 COMBINED WELFARE FUND, ROOFERS LOCAL 30 COMBINED PENSION FUND, ROOFERS LOCAL 30 COMBINED VACATION FUND, ROOFERS LOCAL 30 COMBINED ANNUITY FUND, ROOFERS LOCAL 30 POLITICAL ACTION AND EDUCATION FUND, COMPOSITION ROOFERS UNION LOCAL NO. 30 APPRENTICESHIP FUND, ROOFING CONTRACTORS ASSOCIATION INDUSTRY FUND, LOCAL UNION NO. 30 OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, MICHAEL O'MALLEY in his official capacity as a fiduciary,<br>           Plaintiffs,<br><br>vs.<br><br>UNION ROOFING CONTRACTORS, INC., d/b/a Union Roofing and Sheet Metal Contractors, Inc., d/b/a Union Roofing, FRANK LUBISKY, an individual, PHILLY ROOFING, HOME ROOFING, WACKERMAN ROOFING,<br>           Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br><br><br>NO: 07-1714 |

## ORDER & MEMORANDUM

## O R D E R

**AND NOW**, this 20th day of October, 2008, upon consideration of Plaintiffs' Motion To Dismiss Defendants' Counterclaim Pursuant to Rule 12(b)(6) (Document No. 46, filed June 10, 2008) and Defendants' Response to Plaintiffs' Motion To Dismiss Defendants' Counterclaim Pursuant to Rule 12(b)(6) (Document No. 47, filed June 24, 2008), **IT IS ORDERED** that Plaintiffs' Motion To Dismiss Defendants' Counterclaim Pursuant to Rule 12(b)(6) is

**GRANTED** and defendants' Counterclaim for Malicious Use of Process is **DISMISSED WITHOUT PREJUDICE**.

## I. INTRODUCTION

Plaintiffs, Local Union No. 30 of the United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO ("Local Union") and various local union and roofing contractors association employee benefit plans ("Funds"), initiated this action on April 27, 2007 against Frank Lubisky ("Lubisky"), three unincorporated enterprises or organizations allegedly owned and controlled by Lubisky ("Roofing Enterprises"), and Union Roofing Contractors, Inc., a corporation allegedly owned and controlled by Lubisky ("Union Roofing"). (Compl. (Doc. No. 1, filed Apr. 27, 2007) ¶¶ 4-14 ). On May 14, 2008, Plaintiffs amended their complaint to include, as a plaintiff, Michael O'Malley in his official capacity as a fiduciary for the plaintiff Funds. (Am. Compl. (Doc. No. 41, filed May 14, 2008) ¶ 10). Defendants filed their Answer to Plaintiffs' Amended Complaint with Affirmative Defenses and Counterclaim on June 4, 2008 (Document No. 45, filed June 4, 2008).[1]

As alleged in the Amended Complaint, this action arises from provisions of collective bargaining agreements and trust agreements between the Local Union and defendants which required defendants to make payments and submit reports to the Funds. (Am. Compl. ¶¶ 16-18). Plaintiffs assert that defendants failed to make necessary contributions to the Funds and

---

[1] Although defendants Roofing Enterprises answered plaintiffs' original Complaint, (Answer (Doc. No. 4, filed May 31, 2007) at 1), defendants Union Roofing and Lubisky have since stated that the Roofing Enterprises identified by plaintiffs in the Complaint and Amended Complaint are not, in fact, affiliated with Union Roofing and Lubisky and therefore should not be parties to this action. (Answer & Countercl. ¶¶ 13-15; Defs.' Mot. for J. on the Pleadings (Doc. No. 28, filed Apr. 22, 2008) at 1 n.1). Defendants Union Roofing and Lubisky have stated that they intend to file a motion to strike Roofing Enterprises as defendants, (Defs.' Mot. for J. on the Pleadings at 1 n.1), and that they have submitted evidence on this matter to the court, (Defs.' Mem. in Opp. to Plfs.' Mot. to Dismiss at 2), but no such motion has been filed. Notwithstanding the ongoing ambiguity concerning the status of defendants Roofing Enterprises, this Order generally uses the term "defendants" to refer to defendants Union Roofing and Lubisky, on whose behalf the Answer and Counterclaim was filed. (See Answer & Countercl. at 1).

concealed the full amount of delinquent contributions by paying employees in cash and by falsifying reports to the Funds. (Am. Compl. ¶¶ 25-27).

Defendants' Counterclaim alleges that plaintiffs' initiation of this action constitutes malicious use of process. (Answer & Countercl. ¶¶ 67-71). In the motion presently before this Court, plaintiffs seek to dismiss defendants' Counterclaim in its entirety. (Plfs.' Mot. at 1).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, construe[s] the [counterclaim] in the light most favorable to the [counterclaimant], and determine[s] whether, under any reasonable reading of the [counterclaim], the [counterclaimant] may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

A motion to dismiss tests the legal sufficiency of a claim. "To survive a motion to dismiss, a civil [counterclaimant] must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). In other words, a counterclaim must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Id. at 234 (quoting Twombly, 127 S. Ct. at 1965); cf. 5 Wright & Miller, Federal Practice and Procedure § 1216, at 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."), quoted in Twombly, 127 S. Ct. at 1965.

**III.    DISCUSSION**

Pennsylvania courts recognize two distinct torts concerning the wrongful use of civil process. Malicious use of process is a cause of action for the "wrongful initiation of [civil] process"; abuse of process provides the remedy for the "improper use of process after it has been issued, that is, a perversion of it." McGee v. Feege, 517 Pa. 247, 253, 535 A.2d 1020, 1023 (1987). In 1980, the Pennsylvania legislature, by way of the Dragonetti Act, codified malicious use of process under the title "Wrongful Use of Civil Proceedings." 42 Pa. C.S.A. §§ 8351-8354 (2008); Rosen v. Am. Bank of Rolla, 426 Pa. Super. 376, 380-81, 627 A.2d 190, 191-92 (Super. Ct. 1993) (noting that the statutory definition places Pennsylvania law in agreement with Restatement (Second) of Torts § 674).

The elements of a malicious use of process claim under the Dragonetti Act are:

> **(a) Elements of action.** A person who takes part in the procurement, initiation or continuation of civil proceedings[2] against another is subject to liability to the other for wrongful use of civil proceedings:
>
>> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>>
>> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa. C.S.A. § 8351. From this statute, the Supreme Court of Pennsylvania has synthesized three essential elements: "[1] the defendant must have instituted civil proceedings against the plaintiff without probable cause, [2] with malice, and [3] proceedings must have terminated in favor of the plaintiff." In re Larsen, 532 Pa. 326, 440, 616 A.2d 529, 587 (1992); see also

---

[2] Although section 8351 covers the "continuation of civil proceedings," Pennsylvania courts continue to distinguish between statutory malicious use of process under the Dragonetti Act and common law abuse of process which is generally defined by reference to the Restatement (Second) of Torts § 682 and Pennsylvania case law. McGee v. Feege, 517 Pa. at 256 n.8, 535 A.2d at 1024 n.8; Rosen, 426 Pa. Super. at 380-81, 627 A.2d at 192 (citing Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila., 397 Pa. 274, 278-79, 154 A.2d 585, 587 (1959)).

Rosenfield v. Pa. Auto. Ins. Plan, 431 Pa. Super. 383, 388, 636 A.2d 1138, 1141 (Super. Ct. 1994) (applying the three elements identified in Larsen); Shaffer v. Stewart, 326 Pa. Super. 135, 140, 473 A.2d 1017, 1020 (Super. Ct. 1984) (same); Junrod v. Bader, 312 Pa. Super. 92, 95, 458 A.2d 251, 253 (Pa. Super. 1983) (same). To recover on a malicious use of process claim, defendants must plead and prove the above elements.

  Defendants have attempted to plead malicious use of process in both the title and substance of their Counterclaim by alleging that plaintiffs "knowingly and intentionally" commenced the action presently before this Court "on the basis of false and perjurious accusations which have no basis in fact." (Answer & Countercl. ¶¶ 68, 70-71). Defendants, however, do not allege, and cannot allege, that the instant action terminated in their favor because the action is presently pending before this Court.

  Defendants argue that they need not "allege that the lawsuit instituted by plaintiffs has terminated in favor of defendants [because a]ll that is required [under Twombly] is that enough facts have been pled 'raise a reasonable expectation that discovery will reveal evidence of' the basis for termination in favor of defendants." (Defs.' Mem. in Opp. to Plfs.' Mot. to Dismiss at 2-3). This argument fundamentally misconstrues the legal standard applicable to Rule 12(b)(6) motions. The question is not whether defendants can allege facts which demonstrate that the underlying action *will* terminate in their favor at some point in the future; the question is whether defendants can allege, at the time of filing, that they have suffered a legally cognizable injury. Because Pennsylvania law mandates that a malicious use of process tort does not occur, if at all, until "proceedings have terminated in favor of the person against whom they are brought," defendants' Counterclaim does not, and cannot, state a claim for relief. See Ludmer v. Nernberg, 520 Pa. 218, 222, 553 A.2d 924, 926 (1989) (The malicious use of prosecution "cause of action

5

does not accrue until all the requirements have been met which includes obtaining a favorable outcome.").

A number of courts applying Pennsylvania law have reached the same conclusion in the context of counterclaims asserting malicious use of process.  See, e.g., Todi v. Stursberg, No. 01-2539, 2001 WL 1557517, at *3 (E.D. Pa. Dec. 4, 2001) ("[A]s a claim for wrongful use of civil proceedings, the [counterclaim] is unripe and must be dismissed."); Access Fin. Lending Corp. v. Keystone State Mortgage Corp., No. 96-191, 1996 WL 544425, at *3 (W.D. Pa. Sept. 4, 1996) ("[A] malicious use of process claim is flawed if the underlying civil proceeding either has not been terminated, or has not been terminated in favor of the complaining party."); Zappala v. Hub Foods, Inc., 683 F. Supp. 127, 131 (W.D. Pa. 1988) ("[D]efendants cannot possibly make the required allegation [that the underlying proceeding terminated in favor of defendants] in their counterclaim [while the] action is still pending."); Selas Corp. of Am. v. Wilshire Oil Co. of Tex., 344 F. Supp. 357, 359 (E.D. Pa. 1972) ("[C]ounterclaims sounding in malicious prosecution do not, and of course could not, allege a termination of the action favorably to defendants."); Lowery v. E.C. Barnes, Inc., No. 96-3960, 1998 WL 1286231 (Phila. Ct. Com. Pl. Jan. 6, 1998).

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion To Dismiss Defendants' Counterclaim Pursuant to Rule 12(b)(6) is granted and defendants' Counterclaim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

                                              **BY THE COURT:**

                                         /s/ **Honorable Jan E. Dubois**
                                            **JAN E. DUBOIS, J.**